**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| FREDY ELEAZAR SALES GOMEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02449-TLP-atc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Fredy Eleazar Sales Gomez, a noncitizen detained in the West Tennessee

Detention Facility in Mason, Tennessee, since March 10, 2026, petitions for a Writ of Habeas

Corpus under 28 U.S.C. § 2241.  (ECF No. 1-3 PageID 12.)  The Court ordered Respondent to

show cause why the Writ should not be granted.  (ECF No. 6.)  Respondent responded.  (ECF

No. 7.)  Petitioner replied.  (ECF No. 10.)  For the reasons below, the Court **GRANTS** the

Petition.

**BACKGROUND**

Petitioner entered the United States in 2022.  (ECF No. 1-3 at PageID 12.)  He has a

significant other and a fourth-month-old son who is a United States citizen.  (*Id.* at PageID 13.)

Petitioner attends a church in the Memphis area.  (*Id.*)  He works as a contractor at J.E. Services.

(ECF No 10 at PageID 44.)  And he has no known criminal history.  (*Id.*)

In March 2026, the United States Immigration and Customs Enforcement ("ICE")

"apprehended" Petitioner.  (*Id.*)  The Department of Homeland Security ("DHS") issued

Petitioner a Notice to Appear, charging him under 8 U.S.C. § 1225(b).  (*Id.*)  Petitioner is

1

currently in ICE custody at the West Tennessee Detention Center in Mason, Tennessee.  (ECF No. 7 at PageID 26.)

Petitioner alleges that DHS and the Executive Office of Immigration Review ("EOIR") have not provided him a bond hearing.  (*See generally* ECF No. 1.)  Instead, DHS and EOIR determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), a change from the decades-long practice of affording noncitizens in Petitioner's position with bond hearings before their removal proceedings.  (*See id.* at PageID 6.)  Petitioner alleges that his detention under § 1225(b) violates the Immigration and Nationality Act, his Fifth Amendment right to due process, his Fourth Amendment right to be free of unreasonable seizures, and his Eighth Amendment right to be free of cruel and unusual punishment.  (ECF No. 1 at PageID 6–7.)  He asks the Court to grant the Petition and order his immediate release.  (*Id.* at PageID 7.)

## ANALYSIS

On May 11, 2026, a divided Sixth Circuit panel issued its decision in *Lopez-Campos v. Raycraft*, -- F.4th --, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  *Lopez-Campos*, 2026 WL 1283891, at *13.  The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion.  *Id.* at *6.  "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."  *Id.* at *13.

The Court finds that *Lopez-Campos* controls here and **GRANTS** the Petition. Petitioner's detention not only violated procedural due process but deprived him of liberty for

over two months.  He is therefore entitled to immediate release.  *See, e.g.*, *Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at \*10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

**CONCLUSION**

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner immediately.

**SO ORDERED**, this 26th day of May, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

3